**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Buddy BRANCA, Defendant-Appellant.**

No. 81–5646
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 24, 1982.

Robert D. Schram, Fort Lauderdale, Fla., for defendant-appellant.

Carol Wilkinson, Miami, Fla., Janis H. Kockritz, Atty., Appellate Sect., Crim. Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

Buddy Branca appeals his criminal drug conviction. We begin with the facts of his case, which we present in the light most favorable to the government. *See Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

Samuel Tirko, a convicted felon turned Drug Enforcement Agency (DEA) contact, met Jerry Barrows. Barrows told Tirko that several employees at the automobile dealership where he worked were engaged in drug trafficking. He asked whether Tirko knew anyone interested in drug purchases. Tirko said that he would make inquiries. Acting on instructions from his DEA contact, agent Robert Hilderbrand, Tirko expressed interest in a purchase and was introduced by Barrows to Paul Leonard, who explained a cocaine deal he was arranging. At one meeting Barrows and Leonard introduced Tirko to appellant Branca, describing him as the man who would arrange the deal. Branca said that his price was $60,000 per kilogram of cocaine. After further negotiations Tirko, now accompanied by Hilderbrand, was ushered into another meeting with Branca. Branca introduced a person who he said was his contact for the deal; he also noted that he had two other drug contacts. Commenting on the constant interruption of the meeting by telephone calls in which he discussed cocaine deals, Branca said that "this is the way I operate. I'm a professional. I don't beat around the bush." He complained that Hilderbrand was making the deal too difficult. At the end of the meeting, Branca gave Tirko his home telephone number and told Tirko to call if he ever wanted to buy cocaine. When Tirko did call, Branca asked to see enough money for a purchase of four to six kilograms.

Branca was arrested, tried, and convicted on one count for conspiracy to distribute cocaine and to possess cocaine with intent to distribute in violation of 21 U.S.C.A. §§ 841(a)(1) & 846.

Branca's first contention is that the district court erred in denying his motion for judgment of acquittal, a motion based on his contention that the government did not present evidence sufficient to allow the issue of entrapment to go to the jury and that he was entitled to an acquittal as a matter of law. The Supreme Court first recognized the defense of entrapment in *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932), stating that entrapment occurs "when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute." *Id.* at 442, 53 S.Ct. at 212. As the quotation indicates, the critical issue in any inquiry into entrapment is the predisposition of the defendant to commit the crime. Procedurally, a defendant initially must come forward with evidence of entrapment. Once he has done so, the government must prove beyond a reasonable doubt that the defendant was predisposed to commit the crime charged. *United States v. Webster*, 649 F.2d 346, 349 (5th Cir. 1981) (en banc). In considering whether the judge, by denying the motion for judgment of acquittal, erred in finding enough evidence of predisposition for the case to go to the jury, we must determine whether the evidence, viewed in the light most favorable to the government, was sufficient for a reasonable jury to find it inconsistent with every reasonable hypothesis of innocence. *United States v. Marszalkowski*, 669 F.2d 655, 662 (11th Cir. 1982).

The trial court did not err. The evidence showed that Branca volunteered to sell cocaine without any inducement by the government. Branca did contradict the prosecutor's story and testify to facts that, if believed, might show government inducement. Credibility choices in deciding which version of a story to believe are, however, a matter for the jury, not for this Court. *United States v. Miller*, 664 F.2d 826, 828 (11th Cir. 1981).

Branca also argues that the trial court should have granted his motion for a new trial. He states that after he was found guilty he learned that the DEA had subpoenaed records of his telephone calls between October 11 and November 11, 1980. This evidence, he asserts, shows the falsity of agent Hilderbrand's testimony that he did not know at the time of the deal at issue that Branca's first name was William. We will reverse a denial of a motion for a new trial only for abuse of discretion. *United States v. Metz*, 652 F.2d 478, 479 (5th Cir. 1981). There was no abuse. The evidence at best could only have impeached Hilderbrand on an insignificant point. Newly discovered impeaching evidence does not justify a new trial. *United States v. Hirst*, 668 F.2d 1180, 1185 (11th Cir. 1982).

We find no error below. Reviewing the evidence, we find it sufficient for Branca's conviction. The judgment of the district court is AFFIRMED.