**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Edward B. PROWS, a/k/a Teddy,**
**Defendant-Appellant.**

**No. 81–5773.**

United States Court of Appeals,
Eleventh Circuit.

April 2, 1984.

---

* The actual percentage of blacks on the defendant's grand jury was not furnished.

Joseph S. Conlin, Tallahassee, Fla. (Court Appointed), for Sammy Lee Ward.

Anthony Bajoczky, Tallahassee, Fla. (Court Appointed), for Prows.

David L. McGee, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HENDERSON and CLARK, Circuit Judges.

ALBERT J. HENDERSON, Circuit Judge:

Edward (Teddy) Prows was indicted for conspiracy to possess more than 1,000 pounds of marijuana with the intent to distribute in violation of 21 U.S.C. §§ 841, 846. After a jury trial in the United States District Court for the Northern District of Florida, Prows was convicted and he appealed. This court affirmed the conviction of Prows' co-defendant, Sammy Lee Ward, but retained jurisdiction of Prows' appeal

and remanded his case to the district court "for the limited purpose of making the necessary finding of fact" of whether there was excusable neglect for Prows' late filing of his notice of appeal. *United States v. Ward,* 696 F.2d 1315, 1318 (11th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983). The district court found that the notice was timely filed so we now address the merits of Prows' appeal. Finding no reversible error in that regard, we affirm.[1]

■ The first assignment of error attacks the district court's denial of Prows' motion for severance. The indictment named fourteen defendants and alleged various criminal violations arising from a marijuana smuggling operation. Prows was tried with four of his codefendants, one of whom, Darrell Prows, Edward's brother, represented himself. As this court recently stated:

> [t]he refusal to grant separate trials is reviewable only for an abuse of discretion. A refusal to sever will be reversed only where the defendant can show compelling prejudice.

*United States v. Plotke,* 725 F.2d 1303, 1309 (11th Cir.1984). The test for determining prejudice is

> Can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.

*United States v. Lane,* 584 F.2d 60, 64 (5th Cir.1978), *quoting Tillman v. United States,* 406 F.2d 930, 935 (5th Cir.), *vacated in part,* 395 U.S. 830, 89 S.Ct. 2143, 23 L.Ed.2d 742 (1969).[2]

■ The prejudice claimed was the evidence brought out by Darrell Prows, acting as his own attorney, implicating Edward. Contrary to Edward's assertion, the district court did not admonish Darrell Prows for eliciting evidence against his codefendants.

Appellant's brief at 13. Instead, the district court advised Darrell Prows that his cross-examination was detrimental to his own case. Transcript at 369. Although perhaps not as skilled in courtroom tactics as a lawyer, Darrell Prows' own defense did not cause compelling prejudice to Edward's case. Edward Prows did not object to any specific question or statement by Darrell that he now alleges was prejudicial. Much of the evidence implicating Edward sought out by Darrell Prows had already been introduced by the Drug Enforcement Agency (DEA) witnesses on direct examination. Agent Theodore Weed testified that during a meeting Darrell had asked Edward if he could call their brother Roger to get $25,-000.00 to pay the off-loaders. Transcript at 199–200. Darrell referred to that meeting in his cross-examination of Agent Weed. *Id.* at 312–13.

Edward also argues that he was prejudiced by the district court's alleged failure to give limiting instructions as to the application of certain evidence to specific defendants. Edward was named in only one count of the seven count indictment. Again, he failed to request an evidentiary instruction in all those instances now alleged as error. In any event, the district court did give such an instruction at different points of the trial. *See, e.g.,* transcript at 235, 422, Volume V at 75–76.

The jury found one co-defendant, Jeff Ward, innocent of the charges against him. That fact alone dispels any notion that there was compelling prejudice in the *Lane* context. In *Plotke, supra,* the court noted that

> the acquittal of "Tony" Barfield belies appellants' assertions that the jury could not keep the evidence separate as to each defendant. Accordingly, we find no abuse of discretion [in denying a severance].

---

1. The facts of this case are set forth in our opinion in *Ward, supra.*

2. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981.

725 F.2d at 1310. The district court did not err in denying Prows' motion for a separate trial.

■ Prows next contends that the district court erred in admitting the statements of his co-conspirators against him. For such statements to be admissible, there must be substantial independent evidence showing "(1) the existence of a conspiracy, (2) that the complaining defendant and the co-conspirator making the statement were both members of the conspiracy, and (3) that the statement was made during the course of and in furtherance of the conspiracy." *United States v. Yonn,* 702 F.2d 1341, 1348 (11th Cir.), *cert. denied sub nom. Weeks v. United States,* —— U.S. ——, 104 S.Ct. 283, 78 L.Ed.2d 261 (1983). *See United States v. Sanchez,* 722 F.2d 1501, 1507 (11th Cir.1984); *United States v. James,* 590 F.2d 575 (5th Cir.) (*en banc*), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). At the conclusion of the trial, upon an appropriate motion, the district court must determine whether these elements were proven by a preponderance of the evidence. *James,* 590 F.2d at 582. A determination that the government satisfied the *James* standard is a finding of fact, which will be overturned on appeal only if clearly erroneous. *Sanchez,* 722 F.2d at 1507.

It is undisputed that there was substantial independent evidence of a conspiracy and that the statements were made during and in furtherance of the conspiracy. Prows maintains, however, that the government failed to prove his involvement in the conspiracy before the district court admitted the statements. Agent Weed testified that Prows was at a meeting with the other co-conspirators where the smuggling plans were discussed openly. Transcript at 196–97. He stated that "everybody knew what was going on." *Id.* at 197. Weed also spoke with Prows about going out on a boat to assist in the off-loading and told Prows that there would be groceries for him on the boat. *Id.* The district court then found substantial independent evidence of Prows' participation in the conspiracy. *Id.* at 234.

■ Assuming that the district court erred in finding substantial evidence at that point in the trial, such error would not require a reversal of the conviction. Co-conspirator's statements may be admitted against a defendant subject to being connected up later in the trial. *James,* 590 F.2d at 581–82. *See United States v. Gottesman,* 724 F.2d 1517, 1523 n. 5 (11th Cir.1984); *United States v. Miller,* 664 F.2d 826, 828 (11th Cir.1981). That the district court did not expressly condition admission of the statements on their being subsequently connected up is not fatal error. Later in the trial, the government introduced sufficient independent evidence to satisfy the requirements of *Yonn, supra.* Prows acknowledged that he was present on one of the off-load boats as the representative of the leader of the operation, Danny McGuinness. Transcript at 401, 494. Prows asked Agent William Renton about the sea conditions and whether Renton would also be aboard a boat. *Id.* at 772. When asked by McGuinness if he could contact Roger Prows to get money to pay the off-loaders, Edward Prows said "I think Roger is out of town . . . ." *Id.* at 775. The preferred order of proof is that set forth in *James, supra.* To preclude possible prejudice the government should introduce substantial independent evidence before the admission of the co-conspirator's statements. In this case, however, the failure to do so was harmless.

■ Prows finally urges that the evidence was insufficient to support his conviction. In assessing the sufficiency of the evidence, we must view the evidence in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and make all inferences and credibility choices in support of the jury's verdict. *United States v. Morano,* 697 F.2d 923, 927 (11th Cir.1983). The standard of review in this circuit is whether "a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (Unit B *en banc*) *aff'd on other grounds,* —— U.S.

——, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983) (footnote omitted).

In addition to the evidence related earlier, co-defendants Darrell Prows, Roger Prows, Sam Ward, Dwight Ward and Daniel McGuinness stated that Edward Prows was involved with them in a plan to smuggle 10,000 pounds of marijuana into the United States. Edward was on board the plane in Colombia when it crashed. Transcript at 435–37, 496, 794, 835. McGuinness was acknowledged as the mastermind behind the scheme. Roger Prows told the DEA agents that Edward was an important figure in the organization and was McGuinness' "right hand man." *Id.* at 834. McGuinness said that Edward Prows was on one of the boats as his representative. *Id.* at 196, 398. Together with the other testimony developed during the trial, there was sufficient evidence to support Prows' conviction.

Accordingly, the judgment of the district court is AFFIRMED.