996 F.2d 1213
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Steve L. JENNINGS, Defendant-Appellant.
 No. 92-5383.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 22, 1993.
Decided: June 22, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (CR-91-28)
 H. Jackson Gregory, Gregory & Gregory, Columbia, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, Janet T. Butcher, Assistant United States Attorney, Columbia, South Carolina.
 D.S.C.
 AFFIRMED.
 Before HALL, PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Steve L. Jennings was convicted by a jury of being a felon in possession of a firearm (18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 1976 & Supp. 1993)), and use of a firearm in a drug trafficking crime (18 U.S.C.A. § 924(c) (West 1976 & Supp. 1993)). He challenges his conviction on several grounds and argues that the district court's denial of a sentence reduction for acceptance of responsibility* because Jennings maintained his innocence violates the Eighth Amendment. We affirm.
 
 
 2
 State surveillance officers observed Jennings accepting what turned out to be ten pounds of marijuana into the back seat of his rental car. When they moved in, Jennings fled and was captured after a highspeed chase ending on an interstate highway. A rifle was found in the back seat of the car in full view, next to the sack of marijuana. Jennings pleaded guilty in state court to possession of marijuana with intent to distribute and was later tried in federal court on the firearms charges.
 
 
 3
 Jennings first contends that the district court erred in allowing the government's peremptory strikes against two potential jurors who were black. Under Batson v. Kentucky, 476 U.S. 79 (1986), the government may not use peremptory challenges to strike jurors because of race. Because four of seven peremptory strikes used by the government during jury selection were against blacks, the district court found that Jennings had made out a prima facie case of discrimination. The government immediately offered its reasons for striking all the jurors, making moot the issue of whether Jennings had made a prima facie case. Hernandez v. New York, 59 U.S.L.W. 4501, 4503 (U.S. 1991). After hearing the government's reasons and Jennings's objections to them, the court found that the government had credible, race-neutral reasons for its strikes and that Jennings had not shown that the government had intended to discriminate.
 
 
 4
 We employ de novo review to determine whether the government's proffered reasons are racially neutral, United States v. Bishop, 959 F.2d 820, 821 n.1 (9th Cir. 1992), and the district court's finding of discriminatory intent is reviewed only for clear error. Hernandez, 59 U.S.L.W. at 4505.
 
 
 5
 Juror 66, Ms. Maple, was struck because of her young age. This is an acceptably race-neutral reason. See, e.g., United States v. Jackson, 983 F.2d 757 (7th Cir. 1993). Although Jennings argues here that it was pretextual because she was the only potential juror under twenty-five, he offered no evidence of pretext in the district court.
 
 
 6
 Juror 89, Ms. Robinson, was struck primarily because she arrived in court late, thus showing a possible disregard for the judicial system. Another juror was also struck earlier in part for this reason. Jennings did not suggest to the district court that this reason was pretextual; however, he argues here that the reason was insufficient because the district court never established how late she was in arriving. We perceive no racial animus or any reason to doubt the proffered intent on this record.
 
 
 7
 Even if we were to find that Ms. Robinson's lateness was not a proper reason for her removal from the venire, we find that the second reason proffered by the government is proper. The government's second reason for striking Ms. Robinson was that she lived in a high crime area and was likely to know people who had been in trouble with the law. Depending on the circumstances of the case, residence may be a suspect reason for striking a juror. See United States v. Bishop, 959 F.2d at 825-26 (residence pretextual); United States v. Mitchell, 877 F.2d 294, 303 (4th Cir. 1989) (residence neutral).
 
 
 8
 However, on the record in this case there is nothing more than reference to a "high crime area." Without any suggestion that the reference to a "high crime area" was a shorthand method to refer to a protected racial group, there is no impropriety. Thus, on its face, this reason is racially neutral. Compare Bishop, 959 F.2d at 822 (prosecutorial comment that juror "probably believes that police in Compton in South Central L.A. pick on black people" and defense argument that Compton area is 75% black). Moreover, the district court's finding that there was no discriminatory intent is not clearly erroneous. Hernandez, 59 U.S.L.W. at 4505. Therefore, this claim is meritless.
 
 
 9
 During the course of the trial, it was discovered that the substance seized from Jennings's car, which Jennings had stipulated was marijuana, and which had been received in evidence as marijuana, had not yet been tested. With the agreement of defense counsel and of Jennings personally, the district court permitted the trial to go forward while testing was done. Before the jury was instructed, the court received the test results, which showed that the substance was indeed marijuana. We find no error in the way the court dealt with this unforeseen circumstance.
 
 
 10
 Defense counsel made no objection to the jury charge on Count Two, the § 924(c) count. Even if Jennings's challenge to the charge has been preserved for appeal, we find no impropriety in it, as it is taken from United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988).
 
 
 11
 Jennings argues that his Fed. R. Crim. P. 29 motion for acquittal on the § 924(c) count should have been granted because there was no evidence that the rifle found in his car facilitated the underlying drug offense. This is shown, in his view, by the fact that the gun was unloaded and was in the back seat, not the front seat where it would have been more easily accessible to him. Further, he contends that there was no evidence he even knew the rifle was in the car and that, in any case, he did not use the weapon. Therefore, in his view, the rifle was merely present, which is not enough to convict under § 924(c).
 
 
 12
 Jennings's argument does not consider the evidence in a light most favorable to the government, as we must. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Viewing the evidence in that light, we find sufficient evidence of the charged offenses. The arresting officer testified that the rifle was on the back seat in full view, right next to the marijuana. Under Brockington, a firearm can facilitate a crime if the defendant has the ability to display it to intimidate others or embolden himself. 849 F.2d at 876. If the jury credited the officer's testimony, it could reasonably find that Jennings was aware that the weapon was in the car and had the ability to use it to facilitate the drug crime, whether he did so or not. Therefore, the motion to acquit was correctly denied.
 
 
 13
 After his conviction, Jennings moved for a new trial on the ground of newly-discovered evidence. At a hearing on the motion, Jennings's father testified that he owned the rifle found in the car, and that on the day of Jennings's arrest he had taken the gun from the attic and put it into the rental car intending to get the stock repaired. Mr. Jennings said he had pushed the rifle between the back seat cushions, hiding it from view, and that his son had taken the car without knowing it was there. He said he had not thought of the gun again until it was produced at his son's trial, when he recognized it by the broken and nailed stock. He explained that the gun had not come to mind because his son was not charged with a weapons violation in state court, and that he had not come forward during the federal trial because he did not want to appear to be involved in the drug transaction.
 
 
 14
 The district court found that a new trial was not warranted under the test set out in United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). First, Jennings had not used due diligence to discover this evidence prior to his trial. He was not imprisoned after his state conviction and was living with his parents. Second, the court found that the evidence was not material; whether Jennings or someone else owned the gun was not relevant, and there was evidence at trial that the gun was in full view on the seat during the marijuana transaction.
 
 
 15
 Reviewing the district court's determination for abuse of discretion, we find that the motion was properly denied. United States v. Branca, 677 F.2d 59, 61 (11th Cir. 1982). If the rifle had been hidden in the car by his father without Jennings's knowledge, that fact would surely have become known to Jennings before his conviction on federal firearms charges. Moreover, because the arresting officer's testimony refuted the father's account, this evidence probably would not have resulted in an acquittal.
 
 
 16
 Finally, Jennings maintained his innocence through the sentencing proceeding and was denied a reduction in offense level for acceptance of responsibility. He claims that requiring him to admit guilt to obtain the reduction violates equal protection and the Eighth Amendment.
 
 
 17
 We can perceive no equal protection problem. This Court has previously held that a correctly calculated guideline sentence does not violate the Eighth Amendment. United States v. Francois, 889 F.2d 1341, 1343 (4th Cir. 1989), cert. denied, 494 U.S. 1085 (1990). Further, denial of the acceptance of responsibility reduction is not a penalty, and conditioning it on admission of criminal conduct does not implicate the Fifth Amendment. United States v. Frazier, 971 F.2d 1076, 1080 (4th Cir. 1992).
 
 
 18
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1992)