**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Melvin HEAD, Jr., Defendant-Appellant.**

No. 84–7405.

United States Court of Appeals, Eleventh Circuit.

March 25, 1985.

As Modified on Denial of Rehearing June 24, 1985.

---

---

Michael W. Ramsey, George H. Tyson, Jr., Houston, Tex., for defendant-appellant.

Charles S. White-Spunner, Jr., Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before RONEY and HILL, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

## I. BACKGROUND

Thomas Head appeals from his conviction of five counts of use of a telephone in aid of an importation conspiracy and one count of engaging in a continuing criminal enterprise (CCE). The jury also found him guilty of four counts of conspiracy to import marijuana and four counts of conspiracy to distribute marijuana, but the district judge declined to enter judgment on these convictions on the ground that these counts were lesser-included offenses of the CCE count. The indictment charged four separate episodes of criminal activity: (1) conspiracies to import and distribute marijuana with Charles Moseley and others between November 1981 and February 1982; (2) conspiracies to import and distribute marijuana with Joe McKenna and others in November 1982; (3) conspiracies to import and distribute marijuana with Joe McKenna, James McCall, and others between September 1983 and November 1983; and (4) conspiracies to import and distribute marijuana with James Looney and others between November 1983 and January 1984. The five communication facility counts all relate to the Looney conspiracies.

## II. ISSUES

The issues for decision by this Court are as follows:

1. Did the court err in not discrediting the testimony of witness Haas or in limiting the cross-examination of witnesses Haas and McCall?

2. Did the court abuse its discretion by not holding a pretrial *James* hearing or err in its determination that the hearsay statements of co-conspirators were admissible?

3. Was the evidence insufficient to support the jury's verdict?
   (a) on the conspiracy counts;
   (b) on the communication facility counts; or
   (c) on the continuing criminal enterprise count?

4. Is the mandatory ten year sentence without parole under the continuing criminal enterprise statute unconstitutional on its face or as applied?

## III. DISCUSSION

### A. *Testimony of Witnesses Haas and McCall*

The appellant contends that the district court erred in admitting the testimony of key government witness Thomas Haas and in limiting the cross-examination of witnesses Haas and James McCall. Haas had been involved in drug smuggling for several years. He was indicted and tried in federal court in California, and after the trial resulted in a hung jury, he entered a plea bargain. He admitted on cross-examination at this trial that he had committed

perjury in the California trial. He subsequently entered a plea bargain in Alabama which insulated him from prosecution for all his past smuggling activities. The length of the sentence recommended under the bargain could vary depending on Haas's performance under the agreement to cooperate with government investigators.

■ Appellant argues that Haas's admission of perjury in the California trial renders his testimony so "shoddy" that the court should have found it incredible as a matter of law, citing *United States v. Haderlein*, 118 F.Supp. 346 (N.D.Ill.1953) (no evidence to go to jury as matter of law when sole witness is co-conspirator who admits he gave perjured testimony on the same issue to the grand jury). The government responds that *Haderlein* is distinguishable because the perjured testimony there was given to the grand jury in the same case and because there was no corroboration of the witnesses' testimony in *Haderlein*. Here the perjured testimony was in an unrelated trial in which Haas was the defendant and there were two additional accomplice witnesses against Head. We do not interfere with the exercise of the trial court's discretion as to this matter.

■ Appellant next argues that the court erred in limiting his cross-examination of Haas concerning the plea bargains and the perjury and his cross-examination of witness McCall concerning an outstanding state arrest on another felony. Appellant contends the limitation violated his Sixth Amendment right to confront witnesses. *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1974). He argues that the cross-examination of a witness concerning his credibility should be given the largest possible scope, especially when plea negotiations may motivate the witness to testify so as to please the prosecution. *United States v. Mayer*, 556 F.2d 245 (5th Cir.1977).

The government responds that Haas was cross-examined extensively concerning his plea bargains and prior smuggling activities (for some 70 pages of the transcript). It notes that the district court ruled Haas could be cross-examined concerning specific acts of misconduct bearing on his propensity to commit perjury and that Haas admitted in his testimony that he lied in the California trial. It argues that the only testimony excluded concerned the details of the testimony in the California trial and that the court did not abuse its discretion in excluding this testimony under Fed.R.Evid. 403 as confusing and a waste of time. The government argues that the cross-examination of McCall concerning his state arrest was properly excluded under Fed.R.Evid. 609(a) and that the court gave the defendant an opportunity, of which it did not take advantage, to present testimony concerning the defendant's theory that negotiations on the state charge affected McCall's testimony in this trial. We agree with the trial court's disposition of these two issues.

B. *Admission of Co-Conspirators' Statements*

Appellant raises two arguments concerning the admission of hearsay statements by alleged co-conspirators Moseley, Satterwhite, McCall, Haas and McKenna. First, appellant contends that the district court abused its discretion in not holding a pretrial hearing to determine the admissibility of these statements in light of the questionable credibility of key witness Haas. *United States v. James*, 576 F.2d 1121 (5th Cir.1978), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). Second, appellant argues that there was not substantial independent evidence that the statements were made by co-conspirators during and in furtherance of the conspiracy, as required by *United States v. Glen-Archila*, 677 F.2d 809, 818 (11th Cir.), *cert. denied*, 459 U.S. 874, 103 S.Ct. 165, 74 L.Ed.2d 137 (1982), and Fed.R.Evid. 801(d)(2)(E).

■ The government correctly responds that holding a pretrial *James* hear-

ing is discretionary, not mandatory. *United States v. Monaco*, 702 F.2d 860, 877 n. 29 (11th Cir.1983); *United States v. Walker*, 720 F.2d 1527, 1537 (11th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1614, 80 L.Ed.2d 143 (1984); *United States v. Miller*, 664 F.2d 826, 827 (11th Cir.1981). The government points out that the district court made specific findings that the statements were admissible at the close of evidence as required by *Walker*, 720 F.2d at 1537. We conclude that there was sufficient extrinsic evidence of the existence of these conspiracies and Head's participation in them to support the trial court's determination.

### C. *Insufficient Evidence*

◼ Appellant contends that the evidence was insufficient to support the jury's verdict on at least six of the eight conspiracies, on the communication facility counts, and on the continuing criminal enterprise count. Appellant concedes that his insufficiency arguments as to all of the conspiracies except the Looney conspiracies are based upon his assumption that the Court will approve his challenge to Haas's testimony. Since we have found that Haas was properly permitted to testify, this disposes of the issue as to all except the Looney conspiracies. As to those conspiracies, the record clearly establishes facts from which the jury could find, as it did, the existence of the conspiracies involving Looney.

◼ Since the appellant's challenge to the communications facility counts depends on the validity of the Looney counts convic-

tion, his challenge to his conviction on these counts relating to the use of a telephone in furthering those conspiracies must fail.

◼ As to the continuing criminal enterprise count, appellant argues that the evidence was insufficient to prove a continuing series of violations which is required by 21 U.S.C. § 848.[1] This Court has held that CCE requires proof of three separate and independent predicate offenses. *United States v. Graziano*, 710 F.2d 691, 697 n. 11 (11th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1910, 80 L.Ed.2d 459 (1984); *United States v. Phillips*, 664 F.2d 971, 1013 (5th Cir., Unit B, 1981), *cert. denied*, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982). We have already found that the convictions with respect to the counts involving telephone communications are to be affirmed, thus answering his original complaint. In his reply brief, Head raises for the first time the additional argument that because conspiracy is a lesser-included offense of a continuing criminal enterprise, it cannot serve as a predicate offense for a CCE conviction, citing *United States v. Jefferson*, 714 F.2d 689, 701–02 & n. 25 (7th Cir.1983).

We conclude that the cited case does not support the appellant's contention. In *Jefferson*, the appellant had been convicted and sentenced for four substantive counts, one count of conspiracy under § 846 and a count of continuing criminal enterprise under § 848. She complained that the double punishment resulting from conviction and

---

1. 21 U.S.C. § 848 reads as follows:

    Section 848. *Continuing criminal enterprise Penalties; forfeitures*

    (a)(1) Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 10 years and which may be up to life imprisonment, to a fine of not more than $100,000, and to the forfeiture prescribed in paragraph 2 ...

    *Continuing criminal enterprise defined*

    (b) For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—

    (1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and

    (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

        (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

        (B) from which such person obtains substantial income or resources.

sentence for these five predicate offenses violated her double jeopardy rights. She also complained on the ground that the conspiracy count under § 846 was a lesser-included offense. Concluding that "Congress intended § 848 to serve as a comprehensive and exclusive *penalty structure* for persons professionally involved in criminal drug enterprises," the court stated that: "*cumulative sentences* may not be imposed upon the predicate substantive offenses of a § 848 conviction" (emphasis supplied). 714 F.2d at 703.

Touching on the appellant's second contention in *Jefferson,* the court there held that "§ 846 is a lesser-included offense of § 848." 714 F.2d at 705. This much is conceded by the government.

We now consider the effect of these holdings on Head's case here. We do not reach the question whether cumulative sentences may be imposed upon predicate substantive offenses of a § 848 conviction or the correctness of the decision by the Court of Appeals for the Seventh Circuit that Congress intended § 848 to serve as an exclusive penalty statute for a person professionally involved in criminal drug enterprises. This subject was neither argued nor briefed before us. We note simply that the *Jefferson* case is not applicable to appellant's argument. Here, the trial court avoided the problem that arises when the § 848 and § 846 charges are tried together. That problem is that the court must be certain that there can be no judgment of conviction or sentence on such of the predicate offenses as are considered to be lesser included offenses. That is precisely what the trial court did here. Notwithstanding a jury verdict of guilt on 14 counts of the indictment, the trial court expressly declined to enter a judgment and sentence on

the conspiracy counts, citing *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977).[2]

Thus, the court had before it a defendant who had been found by the jury to have committed 13 predicate acts of which five were not lesser-included offenses and had thus met the threshold requirement of § 848—that Head had been found guilty of a felony violation of the Drug Act as required by 21 U.S.C. § 848(b)(1).[3]

The claim of appellant that the proof that Head had participated in several conspiracies to violate § 846 may not be used as predicate offenses to convict him under § 848 is fallacious. The Supreme Court said in *Jeffers v. United States:*

> In this case, trial together of the conspiracy and continuing-criminal-enterprise charges could have taken place without undue prejudice to petitioner's Sixth Amendment right to a fair trial. (Footnote omitted).

432 U.S. 137, 153, 97 S.Ct. 2207, 2217. Moreover, this Court has expressly held that proof of a conviction under § 846 could be used to establish the elements necessary for conviction under § 848 other than for establishing the threshold requirement of the prior commission of a felony.

> The attachment of jeopardy to one conspiracy prosecution under § 846 does not insulate a defendant from prosecution for conducting a continuing criminal enterprise in violation of § 848 if the government has evidence of a separate conspiracy with which to satisfy the "in concert" element of § 848.

*United States v. Stricklin,* 591 F.2d 1112, 1124 (5th Cir.), *cert. denied,* 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979).

---

**2.** The court stated:

> Although guilty verdicts were returned as to Counts 2, 3, 10, 11, 12, 13, 14 and 15 of the indictment, the court is of the opinion that those Counts are lesser included offenses of Count 1 and that it would be improper to enter judgments of conviction as to both Count 1 and those counts which are the lesser included offenses of Count 1. *Jeffers v. Unit-*

> *ed States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *United States v. Michel,* 588 F.2d 986, 988 (5th Cir.1979). For that reason (and only for that reason) the court declines to enter judgments of conviction on Counts 2, 3, 10, 11, 12, 13, 14 and 15.

**3.** *See* footnote 1, *supra.*

**1492**

Finally, the appellant argues that there is insufficient evidence that he served as a supervisor, manager or organizer in an enterprise involving five or more persons or that there is insufficient evidence that he derived "substantial income or resources" from the enterprise, both requirements under § 848(b). We conclude that the evidence supported not only the jury's verdict and the court's judgment, but also the jury's verdict as to those counts as to which the court entered no judgment, thus fully satisfying the government's burden of proof under the continuing criminal enterprise count.

### D. *Unconstitutionality of Statute*

We are of the view that appellant's attack on the constitutionality of 21 U.S.C. § 848 on its face and as applied to him borders on the frivolous. It, therefore, needs no discussion.

### IV. CONCLUSION

The judgment is AFFIRMED.