**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George CHIATTELLO,**
**Defendant-Appellant.**

**Nos. 83–3002, 84–1435.**

United States Court of Appeals,
Seventh Circuit.

Argued May 28, 1985.
Decided Oct. 30, 1986.

See also, D.C., 599 F.Supp. 970.

Donald V. Morano, Chicago, Ill., for defendant-appellant.

William T. Grimmer, Asst. U.S. Atty., South Bend, Ind., for plaintiff-appellee.

Before CUDAHY and POSNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

In July, 1983, defendant George Chiattello [1] was charged in seventeen (17) counts of a thirty-one (31) count indictment. In all, this indictment in the Northern District of Indiana, charged forty-one (41) defendants

---

1. In part of the record, the name is spelled "Chiatello."

and named thirty-seven (37) unindicted co-conspirators. Count II charged Chiattello with engaging in a Continuing Criminal Enterprise (CCE) in violation of 21 U.S.C. § 848. In other counts, he was charged with eleven (11) counts of violating the Travel Act, 18 U.S.C. § 1952; one (1) count of obstruction of justice, 18 U.S.C. § 1503; two (2) counts of possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1); one (1) count of conspiracy to violate § 841(a)(1), in violation of 21 U.S.C. § 846; and one (1) count of conspiracy to import a controlled substance (21 U.S.C. § 952) in violation of 21 U.S.C. § 963.

Two days into the trial in November, 1983, Chiattello, pursuant to a plea agreement, pleaded guilty to Count II, the CCE count, and the Government agreed to dismiss the remaining counts. Before trial, Chiattello had filed a motion to dismiss the two conspiracy counts and the CCE count on grounds of double jeopardy. The motion had been denied and he had taken an appeal. At the time of pleading guilty to the CCE count, Chiattello reserved the right to appeal his double jeopardy claim.[2]

In this court, Chiattello argues his double jeopardy claim. He also argues that Count II did not charge an offense and that his guilty plea was involuntary because based on incorrect legal advice.

## I. DOUBLE JEOPARDY

Chiattello's double jeopardy claim is based on his prosecution and conviction in September, 1983 in the Southern District of Mississippi. He was charged there with one (1) count of conspiracy to possess marijuana with intent to distribute it (21 U.S.C. § 841(a)(1)) in violation of 21 U.S.C. § 846, and one (1) count of violating the Travel Act, 18 U.S.C. § 1952. The conspiracy was alleged to have occurred on or about May 3, 1982, continuing through May 22, 1982. Chiattello pled guilty and was sentenced to eighteen months on the conspiracy count. He was placed on probation on the Travel

Act count on condition that he pay a $10,000 fine. It was apparently his theory that the Mississippi conspiracy was the same conspiracy charged in Indiana, and was thus a lesser included offense of the CCE charged in Indiana.

The district court in Indiana denied the double jeopardy motion, finding it to be frivolous. Chiattello appealed (No. 83–3002). This court denied a stay pending appeal November 16, 1983. In briefs submitted in No. 83–3002 by former counsel, Chiattello seems to contend that we must find that the district judge erred in terming the motion frivolous, and thus proceeded without jurisdiction. We view our role at this point as reviewing the merits of the double jeopardy claim. In *Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651 (1977) the Supreme Court held that pretrial orders rejecting claims of former jeopardy constitute "final decisions" and are thus immediately appealable. It is clear that an important consideration was that the provision against double jeopardy "is a guarantee against being twice put to *trial* for the same offense," *id.* at 661, 97 S.Ct. at 2041, and that "if a criminal defendant is to avoid *exposure* to double jeopardy and thereby enjoy the full protection of the clause, his double jeopardy challenge to the indictment must be reviewable before that subsequent exposure occurs." *Id.* at 662, 97 S.Ct. at 2041. It is no longer within our power to avoid that "exposure" in this case.

This court has already taken the position that an appeal from denial of a double jeopardy motion does not divest the district court of jurisdiction to proceed with trial if the district court has found the motion frivolous. *United States v. Cannon*, 715 F.2d 1228, 1231 (7th Cir.), *cert. denied*, 464 U.S. 1045, 104 S.Ct. 716, 79 L.Ed.2d 178 (1983). Leave to proceed was implicit in our denial of a stay.

---

**2.** On March 4, 1984, Chiattello was sentenced to twenty years, the term contemplated in the plea agreement. He appealed. No. 84–1435.

■ The double jeopardy clause prohibits prosecution of a single conspiracy as two separate conspiracies. *Braverman v. United States,* 317 U.S. 49, 53, 63 S.Ct. 99, 101, 87 L.Ed. 23 (1942). "The gist of the crime of conspiracy and the characteristic which defines its breadth is the unlawful agreement." *United States v. Marable,* 578 F.2d 151, 153 (5th Cir.1978); *Braverman v. United States,* 317 U.S. at 53, 63 S.Ct. at 101. Therefore, a determination of whether the Government can prosecute on more than one conspiracy rests on whether there exists more than one agreement.

■ A defendant claiming that he has been subjected to double jeopardy bears the burden of establishing that both prosecutions are for the same offense. *United States v. West,* 670 F.2d 675, 681 (7th Cir. 1982); *United States v. Castro,* 629 F.2d 456, 461 (7th Cir.1980). The defendant must show that "the evidence required to support a conviction on one indictment would have been sufficient to warrant a conviction on the other [indictment]." *United States v. Buonomo,* 441 F.2d 922, 925 (7th Cir.), *cert. denied,* 404 U.S. 845, 92 S.Ct. 146, 30 L.Ed.2d 81 (1971). In determining whether the defendant has met this "same evidence test" and demonstrated that a conspiracy has been subdivided arbitrarily, resulting in multiple indictments for a single illegal agreement, a reviewing court will

> look to both the indictments and the evidence and consider such factors as whether the conspiracies involve the same time period, alleged co-conspirators and places, overt acts, and whether the two conspiracies depend on each other for success.

*United States v. Castro,* 629 F.2d at 461.

■ Having reviewed the entire record in the light of these factors, we conclude that the conspiracies charged in the Mississippi and Indiana indictments were separate. Accordingly, even if the conspiracies charged in Indiana were lesser offenses included within the CCE count, Chiattello's indictment and prosecution on the Indiana § 848 CCE count did not place him in second jeopardy.

The Mississippi indictment charged twelve defendants, including Chiattello, and "others known and unknown to the Grand Jury" with conspiring, from on or about May 3, 1982 through May 22, 1982, to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The indictment alleged that it was part of the conspiracy that defendants would negotiate to purchase approximately 8,500 pounds of marijuana in Jackson, Mississippi for a down payment of $100,000 and make arrangements for the transportation of the marijuana elsewhere after the purchase.

At the evidentiary hearing on defendant's motion to dismiss, Agent David Munson of the Drug Enforcement Administration (DEA) testified that the Mississippi indictment arose out of a "reverse sting" operation in which DEA agents posed as smugglers selling stolen marijuana. The DEA report on the operation indicated that the agents led defendants to believe that marijuana hijacked from a shipment from Belize, Honduras was available for sale. In fact, the marijuana involved was obtained from DEA stock in New Orleans, Louisiana. No marijuana actually came into the possession of the defendants.

The § 846 conspiracy count of the Indiana indictment alleged that forty-one defendants, including Chiattello, and two other individuals named in the Mississippi indictment, Leon Sokolinski and James McBay, beginning during the early summer of 1977 and continuing up to on or about January 20, 1983, in the Northern District of Indiana and elsewhere, conspired to possess with intent to distribute marijuana and cocaine[3] in violation of 21 U.S.C. § 841(a)(1). The count incorporated by reference the allegation in twenty-nine (29) other counts of the indictment of separate and distinct overt acts, including the eighty-five (85) overt acts alleged in the

---

**3.** At Chiattello's sentencing hearing the Government conceded that it had no evidence that he was engaged in the smuggling or distribution of cocaine.

count charging a § 963 conspiracy to import. The indictment details an extensive drug smuggling operation in which marijuana was smuggled into the United States from Colombia, South America over a six-year period. Chiattello was alleged to have been active in establishing Colombia suppliers, purchasing and outfitting aircraft for smuggling, and arranging for pilots, landing sites in Florida, Georgia and South Carolina, offloading personnel and the marijuana transportation to the Midwest for distribution.

The testimony of three unindicted co-conspirators received in the two days of trial prior to entry of Chiattello's guilty plea outlined Chiattello's involvement in a number of smuggling ventures. Marijuana was flown in from Colombia to Georgia or South Carolina and then driven up through the southern states and Indiana to Illinois where it was then stored and distributed. Chiattello was active in every level of the operation.

At Chiattello's guilty plea hearing the Government summarized its evidence as to Chiattello, adopting the testimony already received and describing other flights from Columbia to the United States which Chiattello organized. Chiattello testified that the facts the Government set forth were consistent with what actually occurred.

Chiattello contends that the evidence demonstrates the existence of one conspiracy, the object of which was "to make regular purchases of marijuana *from whatever source*, for distribution in the midwest" (emphasis added). He notes that common to both the Indiana and Mississippi indictments were George Chiattello, Len Sokolinski, James McBay and *"others known and unknown to the Grand Jury"* (Mississippi indictment); that the timeframe of the Mississippi indictment is completely embraced within the timeframe of the Indiana conspiracy; that the same statutory offense is charged in both indictments; that the Indiana indictment is open-ended as to geographic location, encompassing "The Northern District of Indiana and *elsewhere*"; and that the use of one

airplane, registered to a George Margetes, is common to both conspiracies.

We are convinced that both conspiracies are, in fact, quite separate. The Indiana conspiracies involved the purchase of marijuana in Colombia, the smuggling of the marijuana into the United States, and its subsequent distribution in the Midwest. The very essence of the agreement inferred from the conduct must involve the planning, organization, establishment and maintenance of a smuggling operation to supply marijuana in the United States. In Mississippi the defendants were not involved in smuggling but rather thought they were to be purchasers of stolen marijuana in the United States. It was an operation of short duration and distinct in nature from the distribution component of the Indiana smuggling operation.

There is no substantial overlap in overt acts or method of operation between the two conspiracies. Moreover, it is clear that the two conspiracies did not depend on each other for success. The commonalities noted by Chiattello do not persuasively demonstrate one agreement. Each indictment involved a different set of participants with the exception of Chiattello, McBay and Sokolinski. McBay and Sokolinski appear to be minor players in both; Chiattello is the only important common participant. Furthermore, there is nothing to suggest that the phrase "others known and unknown to the Grand Jury" in the Mississippi indictment masked any further overlap of personnel. Nor does "elsewhere" in the Indiana indictment indicate that it encompasses acts in Mississippi. The fact that the same statutory offense is charged in both indictments and that the three week period of the Mississippi indictment is totally subsumed within the duration of the Indiana indictment is far from sufficient to establish the existence of one conspiracy. It can be imagined, perhaps, that operations carried on pursuant to a 1977 agreement involving smuggling from Colombia and distribution in the United States could come to include, in 1983, without any new agreement, a purchase in Mississippi, in

concert with many different people, of marijuana from a different source. We deem it highly improbable.

## II. SUFFICIENCY OF THE INDICTMENT

Title 21 U.S.C. § 848(a) makes it unlawful to engage in a "continuing criminal enterprise." Under § 848(b), one engages in such an enterprise if:

(1) he violates any provision of this subchapter [21 U.S.C. §§ 801–904] or subchapter II of this chapter [21 U.S.C. §§ 951–66] the punishment for which is a felony, and

(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

There is a consensus of authority that "series" means "at least three." *See, e.g., United States v. Head,* 755 F.2d 1486, 1490 (11th Cir.1985); *United States v. Losada,* 674 F.2d 167, 174 n. 4 (2nd Cir.), *cert. denied,* 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982); *United States v. Chagra,* 653 F.2d 26, 27–28 (1st Cir.1981), *cert. denied,* 455 U.S. 907, 102 S.Ct. 1252, 71 L.Ed.2d 445 (1982).

Count II of the indictment charges that George Chiattello

unlawfully, willfully, knowingly and intentionally did engage in a Continuing Criminal Enterprise in that he did knowingly and intentionally violate Title 18, United States Code, Section 1952, and Title 21, United States Code, Sections 841(a)(1), 846, 952 and 963, which violations, including but not limited to those violations alleged in Counts Three through Thirty-One of this Indictment, incorporated herein by reference, were part of a continuing series of violations of said statutes undertaken by said defendant in concert with at least five other persons, with respect to whom the defendant occupied a position of organizer, supervisor, or manager, and from which continuing series of violations the defendant obtained substantial income and resources to which the United States is entitled for forfeiture ... [i]n violation of Title 21, United States Code, Section 848.

Chiattello contends that Count II of the indictment fails to charge the CCE offense because it does not charge three eligible predicate offenses. He argues that the two conspiracy counts, alleging violations of 21 U.S.C. § 846 and 21 U.S.C. § 963, are lesser included offenses of § 848 and therefore may not serve as predicate offenses to prove a continuing series of violations of subchapters I or II of Chapter 13 of Title 21. Chiattello contends that when those counts charging conspiracies are disregarded only two eligible substantive offenses remain, *i.e.,* Counts VI and XV of the indictment, which charge possession with intent to distribute marijuana in violation of 18 U.S.C. § 841(a)(1).

The question whether a conspiracy in violation of §§ 846 or 963 can be a predicate offense for the purpose of § 848 is open in this circuit. In a footnote in *United States v. Jefferson,* 714 F.2d 689, 701 n. 25 (7th Cir.1983), *vacated, Jefferson v. United States,* — U.S. —, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985), *opinion on remand,* 782 F.2d 697 (7th Cir.1986), it was asserted that a conspiracy offense may not serve as a predicate offense. The statement was dictum, and its validity was expressly left open in *United States v. Markowski,* 772 F.2d 358, 361 n. 1 (7th Cir.1985) and in *United States v. Cerro,* 775 F.2d 908, 910 (7th Cir.1985).

■ We need not reach the question in this case. Even if only substantive offenses can be predicates for guilt under § 848, Count II alleges at least three substantive violations. In addition to the two violations of 21 U.S.C. § 841(a)(1) charged in Counts IV and XV, Count II alleged that

Chiattello violated § 952 (importation of controlled substances) and incorporated by reference allegations of several substantive violations as overt acts. A substantive violation not charged as an offense may be relied on as a predicate for the CCE count, at least when alleged in the indictment as an overt act. *United States v. Markowski*, 772 F.2d at 361, 362.

### III. VOLUNTARINESS OF PLEA

Chiattello's final contention is that his plea was involuntary because erroneous advice caused him to decide to plead guilty.

 In his brief, he asserts that he was advised by the United States Attorney, Federal Agents, and his court-appointed attorney that he could be convicted and sentenced consecutively on all seventeen counts in which he was charged. There is no support in the record for this assertion.

If the advice had been given as claimed, it would have been only partially incorrect. Even if convicted of the two conspiracies and the CCE, he could not have received consecutive sentences. *Jeffers v. United States*, 432 U.S. 137, 150, 154–58, 97 S.Ct. 2207, 2216, 2218–20, 53 L.Ed.2d 168 (1977); *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 2420, 85 L.Ed.2d 764 (1985).

Chiattello argues also that there could not have been cumulative punishment for the eleven charged Travel Act offenses and the CCE because the former were included in the CCE. The interstate travel was alleged to have been performed with the intent of managing the unlawful activities. In *Garrett*, 105 S.Ct. at 2415, the Supreme Court held "that Congress intended separate punishments for the underlying substantive predicates and for the CCE offense." Although the Travel Act violations do not qualify as predicates, we have no doubt that the Court would reach the same result, permitting cumulative punishment. Thus there could have been consecutive sentences on all counts except the two conspiracy counts.

We note, also, that although the possibility of cumulative punishment might have had weight in Chiattello's decision to make the plea agreement, very great weight was doubtless given to the fact that the agreement called for a twenty (20) year sentence on a charge the maximum for which would be life (in each case, without parole).

The record does not show that the plea was not voluntary.

The judgment and order appealed from are AFFIRMED.