UNITED STATES of America, Plaintiff,

v.

Christ SAVIDES, et al., Defendants.

No. 87 CR 17.

United States District Court,
N.D. Illinois, E.D.

June 2, 1987.

See also, D.C. 664 F.Supp. 1544, D.C. 664 F.Supp. 1555.

Anton R. Valukas, U.S. Atty. by Thomas Knight, William Cook, Asst. U.S. Attys., Chicago, Ill., for plaintiff U.S.

Edward M. Genson, Genson, Steinback & Gillespie, Chicago, Ill., for defendant Savides.

Patrick A. Tuite, The Law Offices of Patrick A. Tuite, Ltd., Chicago, Ill., for defendant Pace.

Terence Gillespie, Genson, Steinback & Gillespie, Chicago, Ill., for defendant Wilson.

Christopher Cronson, Oak Park, Ill., for defendant Cialoni.

Robert A. Novelle, Serpico, Novelle, Dvorak & Navigato, Ltd., Chicago, Ill., for defendant Greco.

Sam Adam, Chicago, Ill., for defendants Smith and Besase.

## ORDER

BUA, District Judge.

Before this court are defendants' pretrial motions. Each motion is addressed below.

### I. *Defendants' Motions to Adopt*

Defendants' motions to adopt relevant pretrial motions and memoranda filed by codefendants are granted. Objections to defendants' particular motions to adopt defendant Savides' earlier filed (and ruled upon) motions to suppress regarding the March 8, 1986 and January 8, 1987 searches of Savides' apartment and office will be subsequently addressed in this order.

### II. *Defendants' Motions for Disclosure of Impeaching and Otherwise Exculpatory Information*

Defendants move this court to order the government to produce evidence favorable to the defense pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny. The government represents that it is aware of its constitutional obligation under *Brady* "to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 3380,

87 L.Ed.2d 481 (1985). Included in its obligations is the disclosure of evidence which would impeach the credibility of government witnesses. *Id.; Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); *United States v. Sweeney,* 688 F.2d 1131, 1141 (7th Cir. 1982). However, *Brady* clearly does not create a broad right of discovery, nor "displace the adversary system as the primary means by which the truth is uncovered." *Bagley,* 105 S.Ct. at 3380; *United States v. Bouye,* 688 F.2d 471, 473–4 (7th Cir.1982).

Essentially, defendants seek the following information concerning prosecution witnesses: (1) criminal and parole records; (2) evidence of misconduct or bad acts; (3) immunity, plea agreements and other benefits furnished or promised; (4) inconsistent or exculpatory statements; (5) threats of possible prosecutions; (6) personnel and government files concerning alleged acts of misconduct; and (7) evidence or records relating to alcoholism, drug use, and mental or physical impairments. Additionally, defendants seek discovery of all statements by nonwitnesses which are exculpatory in nature or could be used to impeach government witnesses. The government has responded to defendants' request by providing all relevant information concerning one of the government's witnesses, Paul Meegan. The government is ordered to provide any additional information mandated by *Brady* and *Bagley* on June 9, 1987.

**III.** *Defendants' Motions for Early Discovery Under Rules 16 and 12(d)(2) and for Production of § 3500 Material*

■ Defendants' motions for discovery of all evidence within the purview of Fed.R.Crim.P. 16(a) are granted. To the extent it has not already, the government is ordered to produce any statements of defendants in its possession, copies of prior criminal records of all defendants, all tapes, transcripts, surveillance, photographs, and other forms of physical evidence (with the exception of narcotic evidence, U.S. currency, and weapons), and all reports of scientific tests and experiments performed on evidence obtained in its in-vestigation on June 9, 1987, or as they become available. The government is also ordered to produce all § 3500 material on June 9, 1987. However, defendants' motion for an order requiring the government to give notice of its intention to use other crimes, wrongs or acts as evidence during cross-examination of a defendant or in the government's rebuttal case is denied. Rule 12(d)(2) only requires notice of such materials if used in the government's case in chief. As such, the Rule 16 material described above is all defendants are entitled to receive. *See United States v. Climatemp, Inc.,* 482 F.Supp. 376, 391 (N.D.Ill. 1979) *aff'd without op. sub nom. United States v. Reliable Sheet Metal Works,* 705 F.2d 461 (7th Cir.1983), *cert. denied* 462 U.S. 1134, 103 S.Ct. 3116, 77 L.Ed.2d 1370 (1983). Defendants' motion for disclosure of nonwitness statements beyond those mandated by *Brady* is denied as such statements are not discoverable. *U.S. v. Cole,* 453 F.2d 902, 904 (8th Cir.1972). The remainder of defendants' motions for discovery are denied as moot in light of the disclosures contained in the government's response.

**IV.** *Defendants' Motions for a List of Prosecution Witnesses*

■ Defendants motion this court for disclosure of the names of government witnesses. Although acknowledging this court's power to order a list of witnesses be produced, the government argues that since certain defendants allegedly threatened government witness Paul Meegan, such disclosure would be improvident. This court disagrees. Defendants' motions and supporting memoranda indicate knowledge of some twenty to thirty individuals who may possibly be called as government witnesses. The identity of potential government witnesses thus does not appear to be an issue. Rather, determining which will testify is the upshot of defendants' motions. To enable defense counsel to provide competent representation, investigation into the witnesses' background and possible testimony is generally necessary. This court does not believe that requiring the government to produce the requested

list will present any risk of harm or threats of harm to any government witnesses. Because disclosure is both material to the preparation of defendants' defense and reasonable in light of the circumstances, this court exercises its discretion to order production of a list of government witnesses on June 9, 1987. *See United States v. Jackson,* 508 F.2d 1001, 1006 (7th Cir.1975).

### V. *Defendant Savides' Motion to Renew*

Defendant Savides' motion to renew his motions to suppress evidence seized from his residence and office in light of the superseding indictment is granted. For the reasons stated in this court's April 20, 1987 order, however, Savides' renewed motions are denied.

### VI. *Defendants Cialoni, Smith and Wilson's Motion to Suppress Evidence Seized From Savides' Residence on March 8, 1986 and Office on January 8, 1987*

■ Pursuant to search warrants executed on March 8, 1986 and January 8, 1987, law enforcement officers seized over ten kilograms of cocaine from Savides' residence and office. The law is clear that before Fourth Amendment challenges to a search and seizure will be entertained, the challenging party must establish a reasonable expectation of privacy in the particular place searched. *Rakas v. Illinois,* 439 U.S. 128, 137–38, 99 S.Ct. 421, 427–28, 58 L.Ed.2d 387 (1979); *United States v. Robinson,* 698 F.2d 448, 454 (D.C.Cir.1983). Defendants Cialoni, Smith and Wilson were not present at Savides' residence or office at the time of the searches nor do they claim a possessory interest in any of the items seized. Because the mentioned defendants are unable to establish any expectation of privacy in Savides' apartment or office at the time of the searches, their motions to suppress are denied.

### VII. *Defendants' Motions for an Evidentiary Hearing on Defendants' Motions to Suppress Evidence Seized on April 3, 1986*

On April 3, 1986, Chicago police officers recovered a suitcase from the trunk of a car owned by defendant Savides containing ten kilograms of cocaine. Apparently, officers conducting surveillance of Savides watched defendant Wilson depart from Savides' apartment building in Savides' car and meet with defendant Smith in a parking lot. Smith then allegedly placed a suitcase from the trunk of his car into the trunk of the car Wilson was driving. Smith followed Wilson back to Savides' apartment, and thereafter a warrantless search of Savides' car ensued. Savides, Wilson and Smith all motion to suppress the evidence as fruits of an unlawful search and seizure. To determine the merits of these motions, this court will conduct a joint evidentiary hearing on June 9, 1987 at 10:00 a.m.

### VIII. *Defendant Cialoni's Motion to Suppress Statements*

Defendant Cialoni motions to suppress all oral and written statements given to law enforcement personnel on the grounds that he was not informed of his *Miranda* rights prior to interrogation. This court will entertain Cialoni's motion at the joint suppression hearing on June 9, 1987.

### IX. *Defendants' Motions for Pretrial Determination of Admissibility of Co-Conspirators' Statements under Fed. R.Evid. 801(d)(2)(E)*

■ Pursuant to Fed.R.Evid. 104(a), defendants motion this court for a preliminary determination of whether the government possesses sufficient evidence to prove the existence of and participation in the alleged conspiracy during which the Rule 801(d)(2)(E) statements to be admitted were made. While the government recognizes its duty to prove by a preponderance of the evidence that a conspiracy existed of which defendants were a part, the government asks that such determination be reserved until the close of its case in chief. Although this court has the discretion to make this determination at the close of the government's case, the preferable procedure is to decide the Fed.R.Evid. 104(a) question before the jury hears the evidence. *United States v. Santiago,* 582 F.2d 1128, 1131, 1136 (7th Cir.1978). The

government is ordered to submit a written *Santiago* proffer by June 8, 1987. If a preliminary ruling on the admissibility of co-conspirators' statements cannot be reached from the government's written proffer, the court will address this issue at the June 9, 1987 hearing.

### X. *Defendants' Motions for a Bill of Particulars*

Pursuant to Fed.R.Crim.P. 7(f), a court may order the filing of a bill of particulars whenever the indictment fails to sufficiently apprise the defendant of the charges in the indictment so as to enable him to prepare for trial. *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir.1981). Reviewing the information sought in defendants' motions, little doubt exists that defendants are simply attempting to conduct impermissible discovery by requesting a detailed disclosure of the government's evidence against them. In light of the nature of offenses charged and the disclosure already ordered, this court believes defendants will be sufficiently apprised of the charges contained in the indictment to enable adequate preparation for trial. Accordingly, defendants' motions for a bill of particulars are denied.

### XI. *Defendants Cialoni and Pace's Motion for Severance*

Defendants Cialoni and Pace motion this court for a severance arguing a joint trial with codefendants would result in a misjoinder under Fed.R.Crim.P. 8(b) and an unfair trial under Fed.R.Crim.P. 14. Rule 8(b) provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

A court must look to the indictment to determine whether defendants have been misjoined. *United States v. Velasquez,*

772 F.2d 1348, 1354 (7th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1211, 89 L.Ed.2d 323 (1986). Defendants are alleged to have participated in the "same series of acts or transactions" where they are alleged to have engaged in acts or transactions which are part of a single conspiracy. *Id.* at 1353. "Conspiracy charges . . . can provide the bond that links the divergent substantive crimes into a single transaction for Rule 8(b) purposes." *United States v. Dounias,* 777 F.2d 346, 348 (7th Cir.1985). *See also United States v. Vanichromanee,* 742 F.2d 340, 347–48 (7th Cir.1984). Count I of the indictment in the present case alleges a single conspiracy between all defendants to distribute narcotics. Thus, no misjoinder under Rule 8(b) exists in the present case.

Defendants Cialoni and Pace next argue that because they are only indicted in two of the eight counts in the indictment, a significant possibility exists that jury confusion and prejudice will result from evidence admitted on counts in which they are not named. Fed.R.Crim.P. 14 provides in relevant part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

A motion to sever is addressed to the trial court's sound discretion. *United States v. Peters,* 791 F.2d 1270, 1301 (7th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 168, 93 L.Ed.2d 106 (1986). The general policy is that persons alleged to have engaged in a common enterprise in an indictment should be tried together, particularly where the same evidence will provide the proof against all defendants. *United States v. Buljubasic,* 808 F.2d 1260, 1263 (7th Cir. 1987); *Peters,* 791 F.2d at 1301–02; *United States v. Dounias,* 777 F.2d 346, 350 (7th Cir.1985). Granted, a joint trial may create a risk that the jury will hear inconsistent defenses or evidence that is admissible

against one defendant, but inadmissible against another; as a rule, however, "evidence and arguments may be controlled by the court, and inconsistent defenses are not enough to require severance." *Buljubasic*, at 1263 (citations omitted). *See also Peters*, 791 F.2d at 1302 (joint trials do not infringe upon a defendant's right to a fair trial where the jury is able to follow admonitory instructions and to keep separate, collate and appraise the evidence relevant only to each defendant); *United States v. Vanichromanee*, 742 F.2d 340, 348 (7th Cir.1984).

■■■■■ In the present case neither Cialoni nor Pace cite any specific situations where actual prejudice will result from a joint trial; they simply assert undue prejudice will occur unless severance is granted. The general rule in federal courts calls for a single trial of persons jointly indicted. That a defendant might have a better chance of acquittal if tried separately does not establish his right to severance. *United States v. Amick*, 439 F.2d 351, 360 (7th Cir.1971), *cert. denied*, 403 U.S. 932, 91 S.Ct. 2255, 29 L.Ed.2d 710. Balancing considerations of economical, efficient and convenient administration of justice against defendants' general assertions of prejudice, this court concludes that Fed.R.Crim.P. 14 does not require severance. As such, Cialoni and Pace's motions for severance are denied.

### XII. *Defendants' Motions for Preservation of Agents' and Attorneys' Notes*

This court grants the motion to preserve the notes of government agents to the extent that the government has agreed to instruct its agents to preserve their notes. Defendants' motion regarding preservation of attorney notes is denied based on this court's ruling in Parts II and III that all attorneys' notes subject to disclosure under *Brady* and the Jencks Act be disclosed on June 9, 1987.

### XIII. *Defendant Savides' Motion to Dismiss Count Eight*

In count eight of the indictment, defendant Savides is charged with engaging in a continuing criminal enterprise (CCE) to possess and distribute cocaine in violation of 21 U.S.C. § 848. One of the elements the government must prove to show a violation of § 848 is that the defendant engaged in a "continuing series" of violations of Title 21 of the United States Code. The term "continuing series" has been defined to mean at least three. *United States v. Chiattello*, 804 F.2d 415, 420 (7th Cir.1986), *citing United States v. Head*, 755 F.2d 1486, 1490 (11th Cir.1985).

■■■■ Savides asserts that because the CCE count is premised in part on the conspiracy charge contained in count one, count eight must be dismissed. Although the Seventh Circuit once noted in dicta that a conspiracy offense under § 846 may not serve as a predicate act for § 848, *United States v. Jefferson*, 714 F.2d 689, 702 n. 27 (7th Cir.1984), *vacated,* — U.S. —, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985), *opinion on remand*, 782 F.2d 697 (7th Cir.1986), the validity of this statement remains unresolved. *United States v. Chiattello*, 804 F.2d at 420. *United States v. Markowski*, 772 F.2d 358, 361 n. 1 (7th Cir.1985). The controversy appears to center around whether conspiracy charge under § 846 should be viewed as a lesser included offense under § 848. This issue, however, need not be addressed to resolve Savides' motion to dismiss. Just as in *Chiattello*, the six substantive violations of § 841 charged in counts two through seven, if proven, will provide a more than adequate base for a CCE conviction. Thus, Savides' motion to dismiss count eight is denied.

### XIV. *Defendants Besase, Greco and Pace's Motion to Suppress Evidence Seized on March 8, 1986 and March 9, 1986*

At the time officers executed a search warrant at Savides' residence on March 8, 1986, defendants Besase, Greco and Pace were present. After recovering $63,000 in cash, firearms, gambling paraphernalia and ten kilograms of cocaine, Besase, Greco and Pace were arrested and searched. Police recovered a paper bag from Pace containing approximately $13,000 in cash. On

March 9, 1986, police returned to the vicinity of Savides' residence to search for any automobiles defendants may have used in connection with their presence in Savides' residence the prior day. Officers located the automobiles driven or owned by Besase, Greco and Pace and seized them. Subsequently, the three cars were searched without warrants, and evidence the government seeks to introduce at trial was recovered. Defendants assert that officers lacked probable cause to arrest them on March 8, 1986 and argue that the warrantless searches of their cars on March 9, 1986 violated the Fourth Amendment. As certain issues of fact are raised by these motions, this court orders a hearing on the merits of defendants' motions to suppress be held on June 9, 1987 at 10:00 a.m.

### XV. *Conclusion*

For the foregoing reasons, defendants' motions to adopt are granted. Defendants' motions for disclosure of impeaching and otherwise exculpatory information are granted to the extent *Brady* and *Giglio* material is requested. Defendants' motions for discovery are granted insofar as information requested comes within the purview of Fed.R.Crim.P. 16(a) and § 3500 of the Jencks Act. Defendants' motions for list of prosecution witnesses are granted. Defendant Savides' motion to renew is granted, but motions to suppress are denied. Defendants Cialoni, Smith and Wilson's motion to suppress evidence seized from Savides' residence and apartment is denied. Defendants' motions for an evidentiary hearing on motions to suppress evidence seized on April 3, 1986 are granted. A joint evidentiary hearing will be held on June 9, 1987 at 10:00 a.m. Defendant Cialoni's motion to suppress statements will be addressed at the June 9, 1987 hearing. Defendants' motions for pretrial determination of admissibility of co-conspirators' statements is granted to the extent that the government is ordered to submit a written *Santiago* proffer by June 8, 1987. Defendants' motions for a bill of particulars are denied. Defendant Cialoni and Pace's motions for severance are denied. Defendants' motions for preservation of agents' notes are granted and motions for

preservation of attorneys' notes are denied. Defendant Savides' motion to dismiss count eight is denied. Finally, defendant Besase, Greco and Pace's motion for a hearing on the merits of their motions to suppress is granted. This court will conduct a joint evidentiary hearing on June 9, 1987 at 10:00 a.m.

IT IS SO ORDERED.