UNITED STATES of America, Plaintiff–Appellee,

v.

Clifford BIRD, Sr., Defendant–Appellant.

United States of America, Plaintiff–Appellee,

v.

Wesley Lane Crawford, Defendant–Appellant.

Nos. 02–30246, 02–30282.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Filed Sept. 8, 2003.

David F. Ness and Michael Donahoe, Federal Defenders of Montana, Helena, MT, for the defendants-appellants.

Klaus P. Richter, Office of the United States Attorney, Billings, MT; Lori Harper Suek, Office of the United States Attorney, Great Falls, MT, for the plaintiff-appellee.

Before BROWNING, ALARCÓN, and CLIFTON, Circuit Judges.

## OPINION

ALARCÓN, Circuit Judge.

Clifford Bird Sr. and Wesley Lane Crawford (collectively "Appellants") appeal from the district court's orders denying their motions to dismiss the indictments against them. Appellants contend that the district court erred in ruling that the Government is not required to allege that the victim is an Indian as an element of a crime filed pursuant to 18 U.S.C. § 1153 (" § 1153"). The Government requests that we dismiss this appeal because a final judgment has not been entered.

We conclude that we have jurisdiction under the collateral order doctrine to address the merits of this appeal. We affirm based on this court's holding in *Henry v. United States*, 432 F.2d 114 (9th Cir.1970) that federal courts have subject matter jurisdiction over the crimes enumerated in § 1153 that are committed by an Indian, on an Indian reservation, against the person or property of any person.

## I

On April 18, 2002, a United States grand jury indicted Mr. Bird, an Indian, for burglary in violation of § 1153, and Mont. Code Ann. § 45–6–204(1). On July 10, 2002, a grand jury indicted Mr. Crawford, also an Indian, for burglary in violation of the same codes. The alleged burglaries took place in Indian country. The indictments stated the names of the victims, but did not state their race.

On June 10, 2002 and August 5, 2002, respectively, Mr. Bird and Mr. Crawford filed motions to dismiss for failing to allege the "[racial] status of the victim" in an indictment brought under § 1153. The district court denied both motions, holding that the plain language of § 1153 and the law of this circuit "provide[ ] ample sup-

port for the proposition that section 1153 applies to crimes committed against either Indians or non-Indians, by Indians in Indian country."

On July 22, 2002 and August 30, 2002, respectively, Mr. Bird and Mr. Crawford filed timely notices of appeal with this court. Their appeals were consolidated by this court's Appellate Commissioner.

## II

Before we can address the merits of Appellants' appeal, we must first determine whether we have jurisdiction over this interlocutory appeal. Appellants contend that we have jurisdiction pursuant to the collateral order doctrine. Generally, the United States Courts of Appeals only have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291. The collateral order doctrine is a narrow exception to 28 U.S.C. § 1291, which treats orders by the district court that " 'finally determine claims of right separate from, and collateral to, rights asserted in the action' " as final judgments even though they do not " 'end the litigation on the merits.' " *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)). To fall within the " 'small class' of decisions excepted from the final-judgment rule," the order must: 1) "conclusively determine the disputed question," 2) "resolve an important issue completely separate from the merits of the action," and 3) "be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978).

The Government does not dispute that Appellants have met the first two factors. The question before us, therefore,

is whether the order of the district court, denying Appellants' motions to dismiss for failure to state an element of a charged offense, is "effectively unreviewable." If the order sought to be appealed involves "an important right which would be 'lost, probably irreparably,' if review had to await final judgment," it is effectively unreviewable. *Abney v. United States,* 431 U.S. 651, 658, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (quoting *Cohen,* 337 U.S. at 546, 69 S.Ct. 1221). In criminal cases, the only interlocutory orders that are immediately appealable are: 1) motions to reduce bail, 2) motions to dismiss on double jeopardy grounds, 3) motions to dismiss under the Speech or Debate Clause, and 4) a fundamental defect in the indictment that gives rise to a right not to be tried under the Grand Jury Clause of the Fifth Amendment. *Midland,* 489 U.S. at 799, 802, 109 S.Ct. 1494.

■ Appellants argue that the Government's failure to allege an essential element of § 1153 in the indictments is a fundamental defect, which gives rise to a right not to be tried. Not every defect in an indictment justifies an interlocutory appeal. *United States v. MacDonald,* 435 U.S. 850, 860 n. 7, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978). A defect in the indictment gives rise to the constitutional right not to be tried under the Grand Jury Clause only when it is "so fundamental that it causes … the indictment no longer to be an indictment…." *Midland,* 489 U.S. at 802, 109 S.Ct. 1494.

The Supreme Court and this court have discussed a number of constitutional violations during the trial process that do *not* give rise to a right not to be tried. *See id.* at 801–02, 109 S.Ct. 1494(stating that a violation of the "Sixth Amendment's right" to a speedy trial or a defendant's right against self-incrimination "does not mean that a defendant enjoys a right not to be tried which must be safeguarded by inter-

locutory appellate review"); *United States v. Shah,* 878 F.2d 272, 273–75 (9th Cir. 1989) (holding that alleged grand jury misconduct and refusal to compel discovery of grand jury proceedings "fall short of such fundamental defects as would implicate the constitutional right to avoid trial").

No court has considered and resolved the question whether the failure to allege an essential element of a crime is a fundamental defect that causes the "indictment no longer to be an indictment." *Midland,* 489 U.S. at 802, 109 S.Ct. 1494. *Cf. United States v. Asher,* 96 F.3d 270, 273 (7th Cir.1996) (holding that "[a] district court's alleged constructive amendment of the [facts in the] indictment is clearly not such a 'fundamental' defect in the grand jury process as to permit immediate appellate review"); Benjamin E. Rosenberg, *A Proposed Addition to the Federal Rules of Criminal Procedure Requiring the Disclosure of the Prosecutor's Legal Instructions to the Grand Jury,* 38 Am.Crim. L.Rev. 1443, 1456 (2001) (stating that "*Midland Asphalt* left open the question of what errors in the grand jury are so fundamental as to render the indictment no longer an indictment").

■ It is well-settled that an indictment must state all of the elements of the charged offense. *See United States v. Lane,* 765 F.2d 1376, 1380 (9th Cir.1985) ("[T]he indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charged." (citing *Russell v. United States,* 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962))). Appellants contend that proof that the *victim* was an Indian is an essential element of a violation of § 1153. It is uncontested that the Government failed to allege the race of the victim. If the race of the victim is an essential element of § 1153, the Govern-

ment failed to allege an essential element of that crime.

■ We have held that the failure to allege an element of a charged offense is a fundamental defect that renders the indictment constitutionally defective. *See United States v. Chesney,* 10 F.3d 641, 643 (9th Cir.1993) ("An indictment's failure to state an element of the charged offense is a fundamental defect that may be challenged at any stage of a criminal proceeding."); *United States v. Kurka,* 818 F.2d 1427, 1430–31 (9th Cir.1987) ("The indictment failed to charge that the damage to the motor vehicle was 'willful' and thus it failed to charge an essential element of the crime.... The failure to include the element of willfulness thus renders the indictment constitutionally defective.") (citations omitted); *Chappell v. United States,* 270 F.2d 274, 276 (9th Cir.1959) (remanding the matter to the district court with instructions to dismiss Count I of the indictment because it "stated no offense"). If the Government's failure to allege that the victims were Indians caused the indictment to state no offense, the omission was a fundamental defect that gave rise to a right not to be tried. Allowing a trial to go forward against a defendant when there has been no offense charged against him and he has not been "sufficiently apprise[d] ... of what he must be prepared to meet" would result in a fundamental miscarriage of justice. *See Russell,* 369 U.S. at 763, 82 S.Ct. 1038(explaining that "protections which an indictment is intended to guarantee [are] reflected by ... criteria by which the sufficiency of an indictment is to be measured"); *United States v. Givens,* 767 F.2d 574, 584 (9th Cir.1985) ("A legally sufficient indictment must state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend, and to enable him to plead double jeopardy."); *Lane,* 765 F.2d at 1380 ("Two corollary purposes of an indictment

are to ensure that the defendant is being prosecuted on the basis of facts presented to the grand jury and to allow the court to determine the sufficiency of the indictment."). Therefore, we hold that the denial of Appellants' motions to dismiss is immediately appealable. Accordingly, we have jurisdiction to consider the merits of Appellants' interlocutory appeal.

### III

■ We turn to the merits of this appeal. The relevant language of § 1153 states that:

> Any Indian who commits against the person or property of *another Indian or other person* any of the following offenses ... [including] burglary ... within in Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

(emphasis added). Appellants assert that since Indians are clearly persons, the language "or other person" is superfluous. Appellants maintain that § 1153 only covers jurisdiction over a crime by an Indian against another Indian, rendering the race of "the victim an essential element in a prosecution brought under 18 U.S.C. § 1153." Briefs for Appellants at 10, 11. A district court's refusal to dismiss an indictment based on its interpretation of a federal statute is reviewed de novo. *United States v. Lualemaga,* 280 F.3d 1260, 1263(9th Cir.2002).

■ We are governed here by our prior decision in *Henry v. United States,* 432 F.2d 114 (9th Cir.1970). In *Henry,* the defendant was charged with raping two twenty-year-old non-Indian girls, within the confines of Indian country in violation of 18 U.S.C. § 1152. *Id.* at 115. The defendant argued that he should have been charged instead under § 1153 while the

Government contended that "despite the 'or other person' language of § 1153, ... the section was intended to apply only to crimes committed by an Indian against *another Indian.*" *Id.* at 116. We reasoned that "[j]ust as Congress found it desirable to find a remedy for the ousting of federal jurisdiction over crimes committed by one Indian against another, it applied the same remedy for the ousting of federal jurisdiction over crimes committed by an Indian against 'any other person.' " *Id.* at 117. In *Henry,* we held that where an Indian was charged with committing an enumerated crime against a non-Indian victim pursuant to 18 U.S.C. § 1152, "the indictment was defective in that it should have been brought under § 1153[.]" *Id.* Therefore, we hold that, as long as the victim is a person, the race of the victim is not an essential element of a crime prosecuted under § 1153.

Appellants argue that the law of this circuit supports the proposition that "whether the government should charge the case under § 1152 or § 1153 is contingent on the race of the victim." Briefs for Appellants at 13, 14. In support of this argument, Appellants rely on *United States v. Errol D., Jr.,* 292 F.3d 1159 (9th Cir.2002). *Errol D.* is clearly distinguishable. Errol D. was adjudicated a delinquent for breaking into a federal Bureau of Indian Affairs building in violation of § 1153. *Id.* at 1160–61. We held that "because this case involved the burglary of a government facility—and because the government is not a 'person' within the meaning of § 1153(a)—Errol D.'s offense did not constitute a 'violation of a law of the United States' as charged under[§ 1153]." *Id.* at 1162. Here, unlike the circumstance in *Errol D.,* the victims of Appellants' alleged crimes were natural persons. Thus, *Errol D.* does not support Appellants' argument that pursuant to § 1153, the victim must be an Indian.

Appellants' reliance on *United States v. James,* 980 F.2d 1314 (9th Cir.1992), is equally misplaced. The sole issue presented to us in *James* by the appellant was whether "the indictment was defective because it failed to state the jurisdictional fact that *he* was an Indian." *Id.* at 1316 (emphasis added). We held in *James* that "[w]hen the sufficiency of the indictment is challenged after trial, it is only required that 'the necessary facts appear in *any form* or *by fair construction* can be found within the terms of the indictment.' " *Id.* at 1317 (quoting *Kaneshiro v. United States,* 445 F.2d 1266, 1269 (9th Cir.1971) (internal quotations omitted) (emphasis added)). We further held in *James* that "James was not prejudiced by the indictment's failure to state that *he* was an Indian." *Id.* at 1319 (emphasis added). Appellants correctly note that in *James* we commented that "[t]he indictment should have contained allegations that James was an Indian and that the victim was an Indian." *Id.* at 1317. The record in *James* demonstrated that the defendant and his victim were both Indians. *Id.*

The precise question we must resolve in this matter—i.e., whether an allegation in the complaint that the victim is a natural person, regardless of race, is a sufficient statement of the elements of a violation of § 1153—was not presented to this court in *James.* Thus, our observation in *James* that the indictment should have contained an allegation that the *victim* was an Indian was dictum, and contrary to our holding in *Henry* that a crime committed by an Indian against a non-Indian within Indian country is a violation of § 1153. *Henry,* 432 F.2d at 117. Since we did not reach the dispositive issue presented in this matter in *James,* there is no intra-circuit conflict that would require an initial en banc hearing. *See Reynolds Metals Co. v. Ellis,* 202 F.3d 1246, 1249 (9th Cir.2000) (holding

that we are not bound by a decision that did not reach the dispositive question).

## CONCLUSION

We hold that the Government's failure to allege an essential element of a charged offense is a fundamental defect in an indictment that gives rise to a right not to be tried. The denial of a defendant's motions to dismiss on that basis is immediately appealable under the collateral order doctrine.

We also conclude that, under the law of this circuit announced in *Henry v. United States*, 432 F.2d 114(9th Cir.1970), federal courts have subject matter jurisdiction over the crimes enumerated in § 1153 that are committed by an Indian, on an Indian reservation, against the person or property of any person. The race of the victim is not an essential element of a crime prosecuted under § 1153.

The district court's denial of Appellants' motions to dismiss is

**AFFIRMED.**