15-404
*United States of America v. Moran (McAuley)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of October, two thousand fifteen.

PRESENT: ROBERT D. SACK,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

-v.- 15-404

JAMES HENRY McAULEY, JR.

*Defendant-Appellant.*

---

FOR APPELLANT:        JAMES S. WOLFORD, The Wolford Law Firm LLP, Rochester, NY.

FOR APPELLEE:        MONICA J. RICHARDS, Assistant United States Attorney for the Western District of New York, *for* William J. Hochul, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the order of the district court is **AFFIRMED.**

Defendant-Appellant James Henry McAuley, Jr. ("McAuley") appeals from an Order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*), entered on February 10, 2015, adopting in full the recommendation of Magistrate Judge Marian W. Payson, filed on February 4, 2014, which denied his motion to dismiss the 2012 indictment for assault in aid of racketeering on account of double jeopardy. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review, which we reference only as necessary to explain our decision to affirm.

In October 2007, McAuley pleaded guilty to Count One of a superseding indictment charging him with conspiracy to commit murder in aid of racketeering, in violation of the Violent Crimes in Aid of Racketeering Activity

2

("VICAR") statute, 18 U.S.C. § 1959(a)(5)-(6), for a murder occurring in the Northern District of New York ("NDNY") on August 23, 2005 ("the VICAR murder conspiracy charge"). In February 2012, McAuley was charged with assault with a deadly weapon in aid of a racketeering activity, in violation of another subsection of the VICAR statute, 18 U.S.C. §§ 1959(a)(2)-(3), based on an assault that occurred in the Western District of New York ("WDNY") on May 31, 2006 ("the VICAR assault charge."). On appeal, McAuley argues that the VICAR assault charge is barred on double jeopardy grounds by the VICAR murder conspiracy charge.

We review McAuley's double jeopardy challenge *de novo*. *United States v. Carlton*, 534 F.3d 97, 101 (2d Cir. 2008), *cert. denied*, 555 U.S. 1038 (2008). The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "This Double Jeopardy Clause protects against both multiple punishments and successive prosecutions for the same offense, regardless of whether a first prosecution resulted in conviction or acquittal." *United States v. Basciano*, 599 F.3d 184, 196 (2d Cir. 2010) (citing *Schiro v. Farley*, 510 U.S. 222, 229 (1994)). "In the case of successive prosecutions, the critical inquiry is whether the offenses are 'the same

3

in fact and in law.'" *Id.* (quoting *United States v. Estrada*, 320 F.3d 173, 180 (2d Cir. 2003)).

To determine whether two offenses are the same in fact, this Court has adopted "a burden-shifting framework that requires the defendant, in the first instance, to make a colorable showing that the crimes are the same, whereupon the government is required to demonstrate 'by a preponderance of the evidence' that a person 'familiar with the totality of the facts and circumstances would *not*, in fact, construe the initial indictment, at the time jeopardy attached, to cover the offense that was charged in the subsequent prosecution.'" *Id.* at 197 (quoting *United States v. Olmeda*, 461 F.3d 271, 283 (2d Cir. 2006)). "In certain cases, it may be relatively simple to determine objectively the factual identity of different charges." *Olmeda*, 461 F.3d at 282 (citing *United States v. Asher*, 96 F.3d 270, 273 (7th Cir. 1996) ("[I]t is simple enough to determine if a defendant is being prosecuted twice for the same murder or for two different murders.")).

This is one of those cases. An examination of the plain language of the indictments as well as the entire record of the proceedings demonstrates that the VICAR murder conspiracy charge and the VICAR assault charge are different in fact. Here, McAuley is being prosecuted (1) for a different offense, (2) committed

4

by different perpetrators, (3) against a different victim, (4) at a different time, (5) in a different location, (6) in a different judicial district. Hence, McAuley has not made a colorable showing that the crimes are the same. *See Basciano*, 599 F.3d at 197. Moreover, a reasonable person familiar with the totality of the facts and circumstances would not view the initial indictment to cover the offense charged in the subsequent prosecution. *See id.* Accordingly, McAuley's double jeopardy challenge must fail.

In reaching the correct conclusion that the previous VICAR murder conspiracy charge and the current VICAR assault charge are different in fact, the district court improperly employed the test set forth by this Court in *United States v. Russotti*, 717 F.2d 27, 33 (2d Cir. 1983), a case involving a double jeopardy challenge to successive prosecutions for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (1970). In *Russotti*, this Court reasoned that "it is neither the enterprise standing alone nor the pattern of racketeering activity by itself which RICO criminalizes. Rather, the *combination* of these two elements is the object of punishment under RICO." *Russotti*, 717 F.2d at 33 (emphasis in original). Accordingly, the *Russotti* Court held that "to give rise to a valid claim of double jeopardy, *both* the enterprise and

5

the pattern of activity alleged in the [previous] indictment must be the same as those alleged in the [current] indictment." *Id.* (emphasis in original). After taking note of RICO's unique combination of elements, the *Russotti* Court adopted a "five factor test for determining whether two RICO counts charge two distinct patterns of racketeering activity" in order to assess whether successive prosecutions were factually the same for double jeopardy purposes. *Id.*

In the present case, neither the NDNY indictment nor the WDNY indictment charges McAuley with a RICO violation. Instead, both indictments charge him with violations of different subsections of Section 1959 of the VICAR statute, which, unlike RICO, does not require proof of a pattern of racketeering activity. *Compare* 18 U.S.C. § 1959(a), *with* 18 U.S.C. § 1962. Therefore, the *Russotti* factors do not apply here.

The district court correctly found that the VICAR murder conspiracy charge and the VICAR assault charge are also different in law. "[T]he standard for analyzing whether offenses are the same in law is the same-elements test articulated in *Blockburger v. United States*, 284 U.S. [299, 304 (1932)]." *Basciano*, 599 F.3d at 196-97. The *Blockburger* test asks whether "each offense contains an element not contained in the other," and provides that, if not, "they are the 'same

6

offence' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger*, 284 U.S. at 304 ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

To prove a VICAR murder conspiracy, "the government must establish, *inter alia*, that the defendant (1) agreed with others to commit a violent crime—either murder or kidnapping, *see* § 1959(a)(5), or maiming or specified assaults, *see* § 1959(a)(6)—and (2) entered into that agreement 'for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity.'"[1] *Basciano*, 599 F.3d at 198-99. Conversely, to prove a VICAR assault, the government must show that the defendant (1) maimed someone, *see* § 1959(a)(2), assaulted someone with a dangerous weapon, *see* § 1959(a)(3), or assaulted someone resulting in serious bodily injury, *see* § 1959(a)(3), and (2) committed that act "for the purpose of gaining entrance to or

---

[1] The government may also satisfy this element by showing that the defendant acted for "consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a).

maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a). Because the first elements of the two offenses are distinct, the district court was correct in concluding that the VICAR murder conspiracy charge and the VICAR assault charge were different in law under *Blockburger* "because they involve separate subsections of the statute—each of which requires proof of different elements and carries its own punishment." Special App. 98.

On appeal, McAuley asserts that the two offenses are the same in law because they involve the same statute. Specifically, McAuley contends that "[b]oth the NDNY and WDNY Indictments involve the same statute – 18 U.S.C. §1959 . . . – therefore, the determination turns on whether the alleged crimes are factually distinct." Appellant Br. 9. Again, McAuley's argument lacks merit. The proper question under the same elements test is not whether two charges involve alleged violations of the same statute, but rather whether the government must prove the same elements to prove both offenses charged. *See, e.g., United States v. Ouimette*, 798 F.2d 47, 50 (2d Cir. 1986) ("The different elements of proof required by each *subsection* [of the same statute] demonstrate

8

that, under *Blockburger,* two distinct offenses exist, carrying separate penalties that may be cumulated." (emphasis added)), *cert. denied,* 488 U.S. 863 (1988).

We have considered all of McAuley's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk